829 P.2d 869

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael Eugene HEADLEE, Defendant–Appellant.**

No. 19207.

Court of Appeals of Idaho.

April 14, 1992.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender (argued), Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Michael Headlee was found guilty by a jury of raping his ex-wife. We affirm the judgment of conviction.

Considering the facts in the light most favorable to the prosecution, *State v. Crabb,* 107 Idaho 298, 688 P.2d 1203 (Ct. App.1984), the record shows that the following was established at Headlee's trial. Headlee and his former wife (JD) divorced in December 1989, and JD was living with her new boyfriend. When the boyfriend left in January to work on a fishing boat in Alaska, JD and her two children found themselves without a place to live and moved back into the trailer with Headlee. JD and Headlee kept separate bedrooms and did not resume sexual relations. When the boyfriend returned in June, JD went with him on a trip to Oregon. When JD returned to the trailer, Headlee asked if she had been sleeping with her boyfriend, and she told him she had. Headlee grew angry, and he broke a cupboard door with a swing of his arm and threw part of the door across the room. He then picked JD up and carried her to his bedroom, where he threw her on the bed, removed her shorts and underclothing and had intercourse with her. When JD screamed for help and told him to stop Headlee threatened to hit her. Fearing she would be struck, JD stopped resisting. Afterward, she ran to one of her neighbors. The next day a friend took her to the hospital and contacted the police.

Headlee was arrested and charged with rape. He pled not guilty, maintaining that the act of intercourse was consensual. The case was tried before a jury and a verdict of guilty was returned. Seeking to have his conviction overturned, Headlee claims that the district court erroneously denied his motion to strike surplus language from the charging information, and that the court's instructions to the jury failed to cure the resulting prejudice.

The Information in this case charged Headlee with rape in the following language:

> That the defendant, MIKE EUGENE HEADLEE, on or about the 27th day of

June, 1990, in the County of Ada, State of Idaho, did accomplish an act of sexual intercourse with a female person, [JD], who was not his wife,[1] and the aforementioned act was accomplished where [JD] resisted, but her resistance was overcome by force and fear in that she was forcefully carried by the defendant to his bedroom and that she was fearful of being beaten.

Idaho's rape statute, I.C. § 18–6101 provides, in part,

Rape is an act of sexual intercourse accomplished with a female under either of the following circumstances:

. . . . .

(3) Where she resists but her resistance is overcome by force or violence.

(4) Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; ...

At trial, Headlee moved to strike the words "and fear," as well as the words "and that she was fearful of being beaten." He argued that this language was irrelevant to the crime of rape, and that its inclusion in the Information prejudiced him by allowing the jury to convict him on proof less than that required by the rape statute.

■ Whether the Information conforms to the requirements of law is a question subject to free review. *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). A legally sufficient Information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. I.C. §§ 19–3103, 19–1409 through 19–1418; *Robran*, 119 Idaho at 287, 805 P.2d at 493. Insofar as the language of the Information goes beyond alleging elements of the crime, it is mere surplusage that need not be proved. *See United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir.), *cert. denied*, 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986).

However, the inclusion of surplusage must not be allowed to prejudice a defendant in the context of his case. *Id.*

■ Headlee has not claimed, either below or on appeal, that the Information was insufficient to charge him with the crime of rape. Moreover, defense counsel's argument before the district court reflects an awareness that the state would attempt to prove Headlee's guilt under both subsections (3) and (4) of the rape statute, and that the court would instruct the jury on each of those subsections. Rather, Headlee challenges the language in question as surplusage, arguing that he was prejudiced because the jury could construe the Information to mean that mere fear on the part of the woman would be sufficient to convict for rape, even in the absence of proof of force or violence or threats, as required by the statute.

Assuming, *arguendo*, that the references to "fear" in the Information were surplusage, we conclude that no prejudice resulted to Headlee. The record in this case shows the jury was instructed in the language of subsections (3) and (4) of the rape statute.[2] This language is sufficient to inform the jurors of the applicable law. *See Robran*, 119 Idaho at 289, 805 P.2d at 495. Headlee contends, however, that the court should have given an additional instruction emphasizing that fear on the part of the victim, without an objective basis in force or violence or threat, is insufficient to convict for rape. We disagree.

■ The court's instructions informed the jury that sexual intercourse constitutes rape where the victim resists but her resistance is overcome *by force or violence*, or, where the victim is prevented from resistance, *by threats* of immediate and great bodily harm and accompanied by apparent power of execution. An additional instruction of the type suggested by Headlee was not necessary. Moreover, Headlee did not propose to the district court an instruction

1. This language is unnecessary, as the state need neither allege nor prove that the woman was not married to the defendant. Thus, Headlee could have been charged with rape even if he and JD had been married at the time of the incident.

2. Headlee did not object to instructing the jury under both subsections.

of the type that he now claims was required. If an accused desires additional instructions on a particular point, he must submit a request encompassing a correct statement of the law on the point he desires covered; otherwise error cannot be assigned on that point. *State v. Beason,* 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973); *State v. Stevens,* 115 Idaho 457, 459, 767 P.2d 832, 834 (Ct.App.1989).

In view of the instructions given, which adequately apprised the jury of the elements that must be proved in order to convict, we conclude that the inclusion of the "fear" and "fearful" language in the Information was harmless.

The judgment of conviction is affirmed.

SWANSTROM and SILAK, JJ., concur.