944 P.2d 147

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry MILLER, Defendant–Appellant.**

No. 22991.

Court of Appeals of Idaho.

July 11, 1997.

Petition for Review Denied
Oct. 6, 1997.

Thomas J. McCabe, Westberg, McCabe & Collins, Boise, for appellant.

Alan G. Lance, Attorney General; L. La-Mont Anderson, Deputy Attorney General, argued, Boise, for respondent.

WALTERS, Chief Judge.

Terry Miller appeals from his judgment of conviction and concurrent sentences imposed after he was found guilty of two counts of lewd and lascivious conduct with a minor. We affirm.

Miller was charged with and tried on one count alleging manual/genital contact and one count alleging fellatio with an eight-year-old girl, C.B. The offenses were alleged to have taken place between August 19, 1991, and January 1994, while Miller was living with C.B., her mother and C.B.'s two younger sisters. At trial, Miller presented evidence of his good character through the testimony of various character witnesses and by cross-examination of the state's witnesses. In his closing argument to the jury, defense counsel pointed out that the person depicted by his client's witnesses contrasted significantly with the complaining witness's testimony, which counsel argued appeared to be very

well rehearsed and, therefore, unreliable. The jury returned a verdict of guilty on both counts. The district court imposed concurrent sentences of twenty years, with minimum terms of confinement of eight years. Miller appealed.

The issues that Miller raises on appeal deal principally with whether the jury was adequately and properly instructed. Miller contends that the district court erred in denying certain instructions requested by the defense and in failing to provide a curative instruction after sustaining an objection to the prosecutor's statement in closing argument that allegedly vouched for the testimony of the child witness. Miller also asserts that the district court erred in denying relief on his claim of witness intimidation that occurred during the trial. In his reply brief, however, Miller withdrew the issue related to witness intimidation, reserving the matter for a post-conviction proceeding where a more complete record can be developed. Therefore, our review will focus on the defense instructions which the district court rejected at trial.

We begin by clarifying the standard of review applicable to a district court's decision to give or to reject a proposed jury instruction. Miller cites *State v. Johnson,* 126 Idaho 892, 894 P.2d 125 (1995), as authority suggesting that the same standard used for appellate review of a trial court's exercise of discretion should be applied when considering jury instruction issues. *Johnson,* Miller argues, supplants the free review traditionally employed to determine whether the jury was properly instructed, as stated in prior cases such as *State v. Jones,* 125 Idaho 477, 873 P.2d 122 (1994) and *Needs v. Hebener,* 118 Idaho 438, 441, 797 P.2d 146, 149 (Ct. App.1990).

Under I.C. § 19–2132(a), the trial court must instruct the jurors on all matters of law necessary for their information. If the court deems a requested instruction correct and pertinent, the instruction must be given; if not, it must be refused. I.C. § 19–2132(a). If the instructions given, considered as a whole, fairly and accurately present the issues and state the applicable law, then no error is committed. *Suitts v. First Sec.*

*Bank of Idaho, N.A.,* 110 Idaho 15, 19, 713 P.2d 1374, 1378 (1985); *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App.1993).

The Court in *Johnson, supra,* declared:

It is within the trial court's discretion to determine whether to submit a defendant's requested instruction to the jury, and the trial court need not submit an instruction if it is an erroneous statement of the law.

*Id.* at 898, 894 P.2d at 131. The precedent relied upon by the *Johnson* Court was *State v. Eastman,* 122 Idaho 87, 831 P.2d 555 (1992) and *State v. Olsen,* 103 Idaho 278, 285, 647 P.2d 734, 741 (1982). In *Olsen,* the Court identified three reasons for a trial court to deny a requested jury instruction: (1) the proposed instruction is an erroneous statement of the law; (2) the proposed instruction is adequately covered by other instructions; and (3) the proposed instruction is not supported by the facts of the case. The Court in *Eastman,* however, rephrased the proscriptions from *Olsen* to state that, in each of the three situations, an instruction *need not be given* by the trial court. Although the *need not be given* language suggests that the trial court indulges in a discretionary decision when deciding to reject a proposed instruction, we perceive *Johnson* as a deviation from the well-established standard applicable to review of instructions. Therefore, we reject *Johnson* insofar as it sets forth a "discretionary" standard in favor of continuing to examine whether the district court erred, as a matter of law, in rejecting a proposed instruction. *See* I.C. § 19–2132(a).

Miller first asserts that he was entitled to have the jury instructed on character evidence in accordance with his proposed instruction no. 9, which read as follows:

The defendant Terry Miller has presented evidence of his good general reputation as a law abiding citizen and for truthfulness. This evidence should be considered by you along with all the other evidence in the case because such evidence may generate in your mind a reasonable doubt as to the guilt of the defendant, justifying an acquittal, since the jury may think it improbable that a person of good character in respect to those traits would commit the crimes with which he has been charged.

You should consider character evidence together with and in the same manner as all of the other evidence in the case. Character evidence alone may create a reasonable doubt of the defendant's guilt.

The district court refused to give the instruction, noting that it did so based on the comments of the committee which drafted the Idaho Criminal Jury Instructions. Under ICJI 304, only the committee's comments appear, indicating that no separate instruction should be given with respect to the introduction of evidence relating to the defendant's character. The committee further stated that instructing on the effect of such proof would constitute a comment on the evidence.

Miller argues that an instruction on character evidence, provided it is a correct statement of the law, must be given, citing *State v. Dowell,* 47 Idaho 457, 276 P. 39 (1929). Miller also cites federal authority, from which his proposed instruction is derived, which discusses the importance of appropriate instructions to provide jurors with adequate guidance for consideration of character evidence. Finally, Miller claims that the comment to Idaho Criminal Jury Instruction (ICJI) 304 was improperly relied upon by the district court in determining that as a matter of law no such instruction should be given.

In the Introduction and General Directions for Use of ICJI, the committee dealt with instances where the committee recommends that no instruction should be given—as with regard to character evidence—and explained that "it is the intent of the committee that it is either inappropriate or contrary to the law to instruct on that subject or topic." The Idaho Supreme Court approved the pattern jury instructions drafted by the committee, and "recommended that the [trial] judge use the ICJI instruction, unless the judge finds a different instruction would more adequately, accurately or clearly state the law." Forward to Idaho Criminal Jury Instruction (1995); *State v. Seitter,* 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995).

■ It has long been held in Idaho that evidence of the good character of the accused should go to the jury for their consideration the same as any other evidence in the case, and should not be limited in its scope or effect. *State v. McGreevey,* 17 Idaho 453, 469, 105 P. 1047, 1052 (1909). *See also State v. Dowell,* 47 Idaho at 465, 276 P. at 42, *citing Edgington v. United States,* 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). These cases do not mandate that an instruction on character evidence be given to the jury. However, they allow counsel to present proof of defendant's good character and to argue, attempting to create reasonable doubt in the mind of a juror, that a person of such character would probably not have committed the offense charged.

■ The committee viewed a separate instruction advising the jury how to evaluate evidence of character as a comment on the evidence. In addition, we posit that such an instruction focuses the attention of the jury on only one factor to be considered in its deliberations. Having reviewed the instructions that were given and the evidence adduced at trial, we find no error in the district court's refusal to give the character evidence instruction requested by the defendant.

Miller also argues that the character evidence instruction rejected by the district court dealt with his "theory of defense", that the defendant, as a person with good character, did not commit the offenses with which he was charged. Although we recognize that a defendant in a criminal case is entitled to have his theory of the case submitted to the jury under proper instructions, *State v. Olsen,* 103 Idaho 278, 285, 647 P.2d 734, 741 (1982), we dismiss Miller's argument that his proposed instruction is a theory of the case instruction. The district court's refusal of the character evidence instruction on this basis was not error.

Miller next complains that the district court failed to instruct on the evidentiary value of the child witness's prior inconsistent statements. This issue was not properly preserved for appeal, however, and counsel for Miller conceded the issue at oral argument. Thus we need not discuss the issue further.

Lastly, Miller assigns as error the district court's failure to provide a curative instruction after sustaining the defense's objection to a statement by the prosecutor purporting to vouch for the testimony of the child victim. Miller asserts that the prosecutor's statement was so egregious that the district court, even without a request from counsel, should have advised the jury not to consider the statement.

■ The objection to the prosecutor's statement in his closing argument was that it bolstered the credibility of the child witness. The district court sustained the objection without further comment. At that point, Miller's counsel did not seek a curative instruction for the jury to disregard the impermissible statement. A request for a limiting instruction should be specific and timely. *State v. Vaughn,* 124 Idaho 576, 580, 861 P.2d 1241, 1245 (Ct.App.1993), *citing United States v. Thirion,* 813 F.2d 146, 155 (8th Cir.1987). Under Idaho Rule of Evidence 105, the court, upon request, shall restrict the evidence to its proper scope and instruct accordingly.

■ It must be presumed that the jury obeyed the trial court's direction to disregard entirely testimony to which an objection has been sustained. *State v. Tolman,* 121 Idaho 899, 905–6, n. 6, 828 P.2d 1304, 1310–11, n. 6 (1992); *State v. Hedger,* 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989); *State v. Boothe,* 103 Idaho 187, 192, 646 P.2d 429, 434 (Ct. App.1982). In light of the preliminary instructions given to the jury advising them what it means when an objection is sustained (No. 6) and that counsel's arguments do not constitute evidence (No. 3), we conclude that the jury was reasonably on notice to disregard the prosecutor's objectionable statement. We find no error in the district court's failure to give an instruction further admonishing the jury when such an instruction was not requested.

In conclusion, Miller has not shown as a matter of law that the district court erred in rejecting his proposed instruction dealing with character evidence or in failing to instruct on its own motion, without a predicate request from counsel. The instructions which were given by the district court when

viewed as a whole, fairly and accurately reflect the applicable law. We therefore affirm the judgment of conviction and the sentences imposed.

LANSING and PERRY, JJ., concur.