16 P.3d 937

**Terry MILLER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26055.

Court of Appeals of Idaho.

Dec. 18, 2000.

Nevin, Herzfeld Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHWARTZMAN, Judge.

Terry Miller appeals from the district court's order granting summary dismissal of his application for post-conviction relief. He argues that on Count I of the two count indictment the jury was presented with evidence of several acts of manual-genital touching, each of which could have constituted the charge. He asserts that his trial counsel's failure to request a unanimity instruction constituted ineffective assistance of counsel because the jury could have returned a non-unanimous verdict by agreeing that an act constituting the charge was committed, but disagreeing as to which specific incident occurred. For the reasons set forth below, we affirm the district court's dismissal of Miller's application.

## I.

### FACTS AND PROCEDURE

**A. Facts And Proceedings In The Underlying Criminal Case**

As explained by this Court in *State v. Miller,* 130 Idaho 550, 551, 944 P.2d 147, 148 (Ct.App.1997):

Miller was charged with and tried on one count alleging manual/genital contact and one count alleging fellatio with an eight-year-old girl, C.B. The offenses were alleged to have taken place between August 19, 1991, and January 1994, while Miller was living with C.B., her mother and C.B.'s two younger sisters. At trial, Miller presented evidence of his good character through the testimony of various character witnesses and by cross-examination of the state's witnesses. In his closing argument to the jury, defense counsel pointed out that the person depicted by his client's witnesses contrasted significantly with the complaining witness's testimony, which counsel argued appeared to be very well rehearsed and, therefore, unreliable. The jury returned a verdict of guilty on both counts. The district court imposed concurrent sentences of twenty years, with minimum terms of confinement of eight years. Miller appealed.

This Court's opinion affirmed Miller's conviction on July 11, 1997.

## B. Facts And Procedure In Post–Conviction Proceedings

On July 10, 1998, Miller, with the assistance of counsel, filed a timely application for post-conviction relief alleging his trial counsel had been ineffective in failing to request a unanimity instruction and by failing to preserve and raise the issue on direct appeal. The state filed an answer asserting that there were no genuine issues of material fact, and filed a motion for summary disposition. Miller also filed a motion for summary disposition, asserting that, given the state's answer, there were no issues of material fact.

Following a hearing on the cross motions for summary disposition, the district court ordered summary dismissal in favor of the state, explaining that:

> The rationale for allowing a "continuing course of conduct" is due to the very nature of child molestation. In these cases, there is usually a close relationship between the victim and the abuser. The abuser may have access to the victim and may even live with the victim, having the leverage of authority and control. Often these cases involve threats, coercion and psychological, physical and emotional pressure. Such crimes often are not promptly reported. They may occur many times before there is disclosure to a responsible adult. Fear, shame, confusion, naivete or weakness of the victim can be exploited by the abuser to prevent disclosure of his acts. Dates and times go unnoted until they can not be recalled by the victim. The more the incidents are repeated the more difficult it becomes to pinpoint the individual events.
>
> . . . .
>
> In this case, the Court believes that there was a continuing course of conduct. Evidence that a defendant engages in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct rather than distinct acts. Inquiring into the "circumstances of the conduct and consideration of the intent and objective of the actor" as required by State v. Major, 111 Idaho 410, 725 P.2d 115 (1986), the Court finds that the intent and the objective were one over the course of time. Actions such as the kind alleged in this case were to secure the same objective: "to arouse, appeal to, or gratify the lust or passions or sexual desires" of the petitioner or his victim.

Responding to Miller's argument that there was no "continuous course of conduct" because there were six alleged incidents of manual-genital contact between Miller and the victim, the court ruled:

> As recognized in State v. Taylor, [118 Idaho 450, 452, 797 P.2d 158, 160 (Ct.App. 1990),] "[i]n child sexual abuse cases involving a continuous course of sexual abuse, and evidence of frequent, secretive offenses over a period of time, credibility, not alibi, is the only issue." Either the jury will believe the child's testimony that the consistent, repetitive pattern of acts occurred or they will disbelieve it. The victim's testimony regarding the specific incidents was consistent and the pattern was repetitive. The petitioner has not shown conflicting testimony as to any of those acts. Based upon the record before

the Court, even if there was no "continuing course of conduct," to provide the proper *actus reus,* the Court finds beyond a reasonable doubt that the jury would have reached the same result if it would have been given a unanimity instruction. The jury plainly believed the victim by returning two unanimous guilty verdicts. Thus, if there was error, the error was harmless. The petitioner cannot show prejudice based on the *Strickland* [*v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] test for ineffective assistance of counsel and the petitioner's request for relief must be denied.

. . .

[B]ased on the foregoing, counsel's failure to appeal the issue cannot be said to prejudice the petitioner. Thus, his claim for ineffective assistance on appeal must also be denied.

Miller filed a timely notice of appeal.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *Pizzuto v. State,* 127 Idaho 469, 470, 903 P.2d 58, 59 (1995). "Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56." *Medrano v. State,* 127 Idaho 639, 642, 903 P.2d 1336, 1339 (Ct.App.1995). If an applicant facing a motion for summary dismissal fails to present evidence making a prima facie case, then summary dismissal is appropriate. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994).

The facts are not disputed. Thus, the only question before us is one of law, whether trial counsel's failure to request a unanimity instruction or alternatively, to preserve and raise the issue on direct appeal, constituted ineffective assistance of counsel. Requisite to this inquiry is the legal question of whether a unanimity instruction was required at all. Whether the jury instructions fairly and adequately present the issues and state the applicable law is a question of law over which this Court exercises free review.

*State v. Bush,* 131 Idaho 22, 32, 951 P.2d 1249, 1259 (1997). Whether a jury was properly instructed is also a question of law over which we exercise free review. *State v. Miller,* 130 Idaho 550, 551–52, 944 P.2d 147, 148–49 (Ct.App.1997). An application that raises only questions of law is suitable for disposition on the pleadings. I.C. § 19–4906(b); *Matthews v. State,* 113 Idaho 83, 741 P.2d 370 (Ct.App.1987).

## III.

## DISCUSSION

### A. Law Applicable To Ineffective Assistance Of Counsel Claims

To establish that his trial counsels' alleged errors constituted ineffective assistance of counsel, Miller must show that (1) trial counsel's performance was deficient and (2) trial counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Milburn v. State,* 130 Idaho 649, 652, 946 P.2d 71, 74 (Ct.App.1997). In order to satisfy the prejudice prong of the *Strickland* test, Miller had to show that there was a reasonable probability that, but for his counsel's errors, he would not have been convicted of the charge as alleged in the indictment—lewd conduct as a continuing course of conduct from August 1991 through January 1994. "The court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Medrano,* 127 Idaho at 643, 903 P.2d at 1340.

As noted in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984):

Because of the difficulties inherent in [evaluating counsel's performance], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'

## B. Lewd And Lascivious Conduct Does Not Contain A Separate Continuing Course Of Conduct Element

■ Idaho Criminal Rule 8 requires that each crime be charged in a separate count. The indictment in the underlying criminal case charged Miller as follows:

> [O]n or about August, 1991, through January, 1994, *as a continuing course of conduct*,[1] in the County of Canyon, State of Idaho, did willfully and lewdly, commit a lewd and lascivious act upon the body of a minor, C.B., under the age of sixteen years, to wit: then seven (7) to (8) years of age, by having manual to genital contact with the intent to arouse, appeal to or gratify the lust, passion and sexual desire of the defendant.

(Emphasis added.) A legally sufficient indictment or information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. I.C. §§ 19–1303, 19–1409 through 19–1418; *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). Where the language of the indictment or information goes beyond alleging elements of the crime, it is mere surplusage that need not be proved. *State v. Headlee*, 121 Idaho 979, 981, 829 P.2d 869, 871 (Ct.App.1992) (citing *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir.1986)). However, the inclusion of surplusage must not be allowed to prejudice a defendant in the context of his case. *Id.*

■ Miller alleged in his application for post-conviction relief, and argues on appeal, that the "continuing course of conduct" language prejudiced him because the jury *might* have agreed that he committed an act constituting the charge, but disagreed as to which specific act the young victim testified to constituted the offense. The state, on the other hand, argues that Idaho Code § 18–1508 provides for a charge based upon a continuous course of conduct.

Idaho Code § 18–1508 provides:

> Any person who shall commit any lewd or lascivious *act or acts* upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

(Emphasis added.) While the statute criminalizes "act or acts," we do not interpret this language to allow for a continuing course of conduct element. Rather, the legislature's use of the plural is a recognition that a series of sexual contacts by different means which occur as a part of a single incident, i.e., a continuous transaction without significant breaks, are to be charged as a single count of lewd conduct. *Compare State v. Estes*, 111 Idaho 423, 427, 725 P.2d 128, 132 (1986) (although four acts of sexual intercourse occurred, they were part of single rape committed during one continuing transaction, rather than separate acts occurring at different times, in different places, with different actors or circumstances) *with Bush*, 131 Idaho at 33–34, 951 P.2d at 1260–61 (sexual assaults in different locations within the victim's home, involving separate acts and different means, held to be distinct crimes) and *State v. Grinolds*, 121 Idaho 673, 675, 827 P.2d 686, 688 (1992) (upholding the defendant's convictions for two counts of rape where the defendant had intercourse with the victim in the bedroom, then left the bedroom, went to the living room for an unspecified period of time during which another person raped the victim, and later returned to the bedroom to engage in the second act of intercourse).

Accordingly, we hold that Idaho Code § 18–1508 does not contain a separate continuing course of conduct element.

---

**1.** Jury Instruction No. 21 stated, in pertinent part, that the state bore the burden of proving beyond a reasonable doubt that the offense occurred "on or about August, 1991, through January, 1994, as a continuing course of conduct."

## C. Multiple Offenses Were Committed By Miller

 Whether a course of criminal conduct constitutes a single or multiple offenses depends on "whether or not the conduct constituted separate, distinct and independent crimes" and "requires an inquiry into the circumstances of the conduct and consideration of the 'intent and objective of the actor.'" *Bush,* 131 Idaho at 33–34, 951 P.2d at 1260–61 (1997) (quoting *State v. Major,* 111 Idaho 410, 414, 725 P.2d 115, 119 (1986)). As stated in *Major:*

> Whether a course of conduct constitutes one offense or several can be a troublesome question. [footnote omitted] The distinction is important: to charge a defendant with two offenses when only one was committed violates the defendant's right against double jeopardy, U.S. Const. amend. V, Idaho Const. art. 1, § 13; conversely, to charge a defendant with one offense when more than one was committed can prejudice the defendant "in the shaping of evidentiary rulings, in producing a conviction on less than a unanimous verdict as to each separate offense, in sentencing, in limiting review on appeal, and in exposing the defendant to double jeopardy." Criminal Procedure, § 19.2(e), p. 457.
>
> Whether a course of criminal conduct should be divided or aggregated depends on whether or not the conduct constituted "separate, distinct and independent crimes." *State v. Hall,* 86 Idaho 63, 69, 383 P.2d 602, 606 (1963). This inquiry requires consideration of the circumstances of the conduct, *see State v. McCormick,* 100 Idaho 111, 115–16, 594 P.2d 149, 153–54 (1979) (Where act of burglary was completed before act of rape, these were separate criminal acts.); *Hall,* supra, 86 Idaho at 75, 383 P.2d at 610 (Where robbery was completed before murder committed, these were separate acts.), and consideration of the "intent and objective of the actor." *In re Ward,* 64 Cal.2d 672, 51 Cal.Rptr. 272, 275, 414 P.2d 400, 403 (1966), cert. denied, 385 U.S. 923, 87 S.Ct. 238, 17 L.Ed.2d 147.

111 Idaho at 414, 725 P.2d at 119.

 A recitation of the victim's testimony from the trial in the underlying criminal case, viewed in light of *Major,* reveals that six separate incidents of manual-genital contact occurred between Miller and C.B. The first incident transpired approximately two weeks after Miller moved in with C.B. and her mother. On a separate occasion, Miller forced C.B. to have manual-genital contract and oral-genital contact with him. On yet another occasion, Miller fondled C.B. while he was watching a pornographic movie. C.B. described three more separate and discrete incidents in which Miller had manual-genital contact with her, occurring at unspecified times between August 1991 and January 1994. Each incident C.B. described was separated by an indeterminate period of time, was of brief duration, and involved unique circumstances.

Under the analysis set forth in *Major,* each incident was a separate, distinct and independent crime, rather than a part of a continuing course of conduct without end. Accordingly, we conclude that Miller committed multiple offenses rather than one continuing offense over a period of time.

## D. Counsel's Failure To Request A Unanimity Instruction Was Harmless Error

 In a criminal case, the district court has a duty to give jury instructions on "all matters of law necessary for their information ." I.C. § 19–2132; *State v. Mack,* 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct.App. 1999). The trial court thus must give instructions on rules of law material to the determination of the defendant's guilt or innocence. *Mack,* 132 Idaho at 483, 974 P.2d at 1112. Such obligatory instructions include those necessary to correctly inform the jury with respect to the nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted. *Id.* (citing *State v. Beason,* 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973); *State v. Patterson,* 60 Idaho 67, 75–76, 88 P.2d 493, 496 (1939)). In circumstances such as those presented by the underlying criminal case, the trial court must instruct the jury on unanimity, regardless of whether the

defendant requests such an instruction or not.

▇▇▇▇▇ To the extent that evidence of a continuing course of conduct is relevant, all the incidents C.B. testified to are admissible under I.R.E. 404(b) to prove motive, opportunity, intent, preparation, identity, or plan to exploit and sexually abuse the victim. *See, e.g., State v. LaBelle,* 126 Idaho 564, 567–68, 887 P.2d 1071, 1074–75 (1995). By nature, such crimes usually have only two witnesses, the alleged victim and the defendant. Consequently, the determination of the case often rests upon establishing that the victim's testimony is more credible than that of the alleged perpetrator. *State v. Spor,* 134 Idaho 315, 319, 1 P.3d 816, 820 (Ct.App.2000). When a defendant is charged with lewd conduct, rape or sexual abuse of a minor, evidence of similar acts of sexual misconduct between a defendant and the victim is admissible for corroboration of the victim's testimony. *Id.* A continuing course of conduct is not, however, an element of lewd conduct, nor can lewd conduct be alleged as a continuing course of conduct as a means of lightening the state's burden of proving the specific allegations behind the charge.

▇▇▇▇▇ In this case, the prosecutor could have properly charged Miller with two or more counts of the six specific instances, because each consisted of a separate incident—a distinct union of *mens rea* and *actus reus* separated by a discrete period of time and circumstance from any other such similar incident. Therefore, Miller was entitled to a jury instruction directing the jury to find him guilty, beyond a reasonable doubt, of a single agreed upon incident. No such instruction was given. *See State v. Petrich,* 101 Wash.2d 566, 571, 683 P.2d 173, 178 (1984) (When the evidence indicates that several distinct criminal acts have been committed but the defendant is charged with only one count of criminal conduct, jury unanimity must be protected by prosecutorial election

of a single act upon which it will rely for conviction *or* by a clarifying instruction requiring the jurors to agree that the same underlying criminal act has been proven beyond a reasonable doubt.). We must now determine whether the lack of a unanimity instruction prejudiced Miller.[2]

As the district court noted, C. B.'s testimony relating to the specific instances of sexual misconduct was uncontradicted. Counsel for Miller limited his cross-examination to inquiry into the victim's credibility and motive for fabrication. The jury obviously found C. B.'s testimony credible, as Miller was found guilty on both counts of the indictment. We also note that C. B.'s uncontradicted testimony on any one of the specific instances of manual-genital touching would have satisfied Count I of the indictment. Accordingly, had any single incident of manual-genital contact been relied upon as the basis for the charge, we are convinced, beyond a reasonable doubt, that the jury would have found Miller guilty on that basis given the admissibility of all the other incidents under I.R.E. 404(b). *See Spor,* 134 Idaho at 319, 1 P.3d at 820. As such, even assuming that trial counsel's failure to request a unanimity instruction constituted deficient performance, we must conclude that such error did not prejudice Miller.

The district court addressed the prejudice prong of the *Strickland* test in its notice of intent to dismiss when it explained that, even if there was no "continuing course of conduct . . . beyond a reasonable doubt . . . the jury would have reached the same result if it would have been given a unanimity instruction. The jury plainly believed the victim by returning a guilty verdict. Thus, the error— the failure to give a unanimity instruction— was harmless. The petitioner cannot show prejudice based on the *Strickland* test for ineffective assistance of counsel and the petitioner's request for relief must be denied."

---

**2.** Because Miller could have been properly charged with six counts of lewd conduct, not raising the issue of unanimity may well have been a legitimate tactical decision. In a case charging a continuous course of conduct, the defense can argue that the state obligated itself to prove the entire course of conduct, i.e., each

constituent act of lewd conduct, beyond a reasonable doubt. Furthermore, while suffering but one conviction, the defendant obtains double jeopardy protection on any such acts between the defendant and the victim occurring during the *entire* period of the alleged course of conduct.

Finding that the error at trial was harmless, the court ruled that Miller was not prejudiced by his counsel's failure to preserve and raise the unanimity instruction issue on direct appeal. Given our discussion above, we agree.

## IV.

### CONCLUSION

Miller has failed to demonstrate that the district court erred in ordering summary dismissal of his application for post-conviction relief. Accordingly, we affirm the district court's dismissal of Miller's application for post-conviction relief.

Chief Judge PERRY and Judge Pro Tem MAY concur.