33 P.3d 841

Creston DOWNING, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

State of Idaho, Plaintiff–Respondent,

v.

Creston G. Downing, Defendant–Appellant.

Nos. 26495, 26720.

Court of Appeals of Idaho.

Aug. 6, 2001.

Review Denied Oct. 17, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Charles Isaac Wadams, Deputy Appellate Public Defender, Boise, for appellant. Charles Isaac Wadams argued.

Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II argued.

SCHWARTZMAN, Chief Judge.

Creston Downing appeals from the district court's order summarily dismissing his application for post-conviction relief and from the sentence of fifteen years, with six years fixed, imposed upon his resentencing for lewd conduct. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying criminal conviction are set forth in *State v. Downing*, 128 Idaho 149, 911 P.2d 145 (Ct.App.1996):

> [Downing] was charged with lewd conduct with a minor child under sixteen, I.C. § 18–1508, based upon a report of misconduct with his daughter, E.D., who was twelve years old at the time of the offense.

E.D. testified at trial that, while she and Downing were on a camping trip in late 1991, Downing engaged in both manual-genital contact and intercourse with her. About eighteen months afterward, E.D. disclosed the incident to a school counselor, and Downing was later arrested. When interviewed by the police [prior to his arrest and the initiation of proceedings], Downing admitted that he had inserted his finger in E.D.'s vagina when he and E.D. were camping. He said, however, that he had done so at E.D.'s request to determine if she was a virgin and that the contact was not sexually motivated.

*Id.* at 151, 911 P.2d at 147. Downing was found guilty by a jury of lewd conduct with a minor child under sixteen. I.C. § 18–1508. Downing was sentenced to a unified term of fifteen years, with six years fixed. He appealed his judgment of conviction and sentence, and this Court affirmed. *Id.*

On February 14, 1997, Downing filed a timely application for post-conviction relief, alleging that he received ineffective assistance of counsel during various stages of counsel's representation, including pretrial, trial, and sentencing. *Downing v. State,* 132 Idaho 861, 862, 979 P.2d 1219, 1220 (Ct.App. 1999). Relevant in this case were Downing's allegations that an attorney he spoke to prior to the filing of charges in the case advised him to discuss his daughter's allegation of molestation at the sheriff's office knowing that such statements might incriminate him; that counsel failed to hire an expert to conduct a physical examination in order to challenge his daughter's allegations of intercourse; and that but for counsel's failure to request jury instructions distinguishing between manual and penile penetration, his sentence would have been shorter. The district court issued a notice of intent to dismiss and thereafter summarily dismissed Downing's application without a hearing or explanation of its reasons for doing so. Downing appealed and this Court vacated the district court's order of summary dismissal. *Id.* at 865, 979 P.2d at 1223.

On remand, the state filed a motion for summary dismissal and supporting brief arguing that Downing's allegations of ineffec-

tive assistance of counsel were bare and conclusory and that Downing had failed to support his application with sources of evidence that would show that counsel had been deficient and that, but for counsel's deficient performance, the result of proceedings would have been different. Following a hearing, the district court granted the state's motion for summary dismissal of Downing's pretrial and trial based allegations of ineffective assistance of counsel. Downing again appeals.

Pursuant to a stipulation regarding ineffective assistance of counsel at sentencing, Downing was resentenced. The district court imposed a unified term of fifteen years with six years fixed, the same sentence he originally received. Downing appeals this sentence as excessive.

## II.

## POST–CONVICTION ISSUES

### A. Applicable UPCPA Standards And Standard Of Review

#### 1. Standard of review

■ On appeal from a summary dismissal of an application, this Court reviews the record to determine if issues of material fact exist, which require an evidentiary hearing. "The issue on appeal from a dismissal is whether the application alleges facts which, if true, would entitle the petitioner to relief." *Matthews v. State,* 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992). Legal conclusions are reviewed de novo. *Owen v. State,* 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); *Free v. State,* 125 Idaho 760, 763, 874 P.2d 571, 574 (Ct.App.1993); *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). We additionally exercise free review over the district court's determination that constitutional requirements were satisfied considering all the facts of the case. *Buffington v. State,* 130 Idaho 507, 509, 943 P.2d 933, 935 (1997); *Gafford v. State,* 127 Idaho 472, 475, 903 P.2d 61, 64 (1995).

#### 2. Ineffective assistance of counsel

■ To prevail on an ineffective assistance of counsel claim, a defendant is re-

quired to show that counsel's performance was deficient and that he or she was prejudiced by that deficiency. *LaBelle v. State,* 130 Idaho 115, 118, 937 P.2d 427, 430 (Ct. App.1997) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). A defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–2065, 80 L.Ed.2d at 693–695. There is a strong presumption that trial counsel's representation was within the "wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695; *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Wilson v. State,* 133 Idaho 874, 878, 993 P.2d 1205, 1209 (Ct.App.2000).

### B. Analysis

 An application for post-conviction relief initiates a proceeding that is civil in nature. *Hassett v. State,* 127 Idaho 313, 315, 900 P.2d 221, 223 (Ct.App.1995). The district court does not have to accept an applicant's mere conclusory allegations or conclusions of law. *Id.* Summary dismissal by the district court is akin to summary judgment under I.R.C.P. 56. *Id.* at 315, 900 P.2d 221. Dismissal is proper where the evidence disproves essential elements of the applicant's assertions or where the evidence does not support relief to the applicant as a matter of law. *Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975).

 Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact, which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v.*

*State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

1. **Retained counsel's alleged failure to accompany Downing to, or warn Downing against, submitting to a voluntary pre-charge interview with law enforcement**

 On July 2, 1993, sometime after Downing's daughter alleged that Downing had molested her, but before any criminal charge was brought, Downing, accompanied by his parents, met with attorney Bert Osborn. Downing told Osborn that the incident with his daughter was "consensual" in that he was only checking to see that she was a virgin at her request. On July 9, Downing voluntarily appeared at the sheriff's office for an interview at which he then, and has thereafter, maintained that he had no lustful intent in checking to see that his daughter's hymen was intact. The criminal complaint was not filed until October 14, 1993.

In post-conviction proceedings, Downing alleged that attorney Osborn advised him to discuss the matter at the sheriff's office but did not offer to accompany Downing to the interview. Osborn testified at his deposition that he discouraged Downing from meeting with the police and advised him that he could be convicted of lewd conduct based upon the manual-genital contact alone. Regardless of the factual dispute, Downing's first allegation—that his counsel was ineffective in failing to accompany him to a pre-charge voluntary meeting with law enforcement to discuss his daughter's allegation that he had molest-

ed her—did not entitle him to relief as a matter of law.

In post-conviction proceedings Downing failed to make a showing that he had a Sixth Amendment right to counsel at the time of his pre-charge interview with law enforcement. *Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (no Sixth Amendment right to counsel had attached to custodial interrogations conducted prior to the filing of formal charges, and the commencement of adversarial judicial proceedings, on the crimes subject to interrogation). *See also State v. Tapp,* 136 Idaho 354, 363–64, 33 P.3d 828, 837–38 (Ct.App.2001) (defendant has no Sixth Amendment right to counsel when no charges are pending, despite the fact he was represented by privately retained counsel); *State v. Harmon,* 131 Idaho 80, 86, 952 P.2d 402, 408 (Ct.App.1998) (the Sixth Amendment right to counsel attaches only at or after the initiation of adversarial proceedings, *citing Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411, 416–417 (1972)).

Downing has also failed to show his Fifth Amendment right to counsel was violated. Here, there is no indication that Downing's interview with the police was anything other than a voluntary interview, i.e., that he was free to terminate questioning and leave at any time. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (police must inform individuals of their right to remain silent and their right to counsel before undertaking a *custodial interrogation* ). Furthermore, Downing apparently had a strong motivation to tell his story to the police, believing that doing so would exculpate him.

We hold that Downing had no Fifth or Sixth Amendment right to counsel at the time of his interview with the police. Accordingly, Downing cannot maintain a constitutional violation under either the Fifth or Sixth Amendments regarding deficient performance of counsel. The district court's order dismissing Downing's allegation of ineffective assistance of counsel for counsel's failure to accompany him to the police interview is therefore affirmed.

**2. Counsel's failure to hire an expert to challenge the victim's claim of intercourse**

■■■ Downing's second claim on appeal is that the district court erred in denying his allegation that his counsel was ineffective in failing to hire experts to conduct a physical examination to challenge his daughter's claim that he had intercourse with her. The record reflects that a medical exam was conducted in the course of the CARES investigation. That examination indicated that the victim had a hymenal notch consistent with blunt force trauma to the hymen found in child sexual abuse. Downing has failed to allege, let alone show, that the CARES examination was in someway inadequate.

The district court granted the state's motion for summary disposition on the ground asserted therein, that Downing had failed to show that his counsel was deficient, or that he was prejudiced by counsel's conduct. The district court concluded that Downing had failed to show a compelling need for a physical exam of the victim and what would have been discovered had an expert conducted such an examination. Accordingly, the district court's order dismissing Downing's allegation of ineffective assistance of counsel for counsel's failure to hire an expert is affirmed.

**3. Counsel's failure to request a jury instruction directing a special finding on manual-genital or genital-genital contact**

■■■ Downing alleges that his trial counsel's failure to request a jury instruction distinguishing manual-genital contact from genital-genital contact prevented a determination of what act the jury believed he had committed and caused him to receive a greater sentence than he would otherwise have received. In *United States v. Kim,* 196 F.3d 1079 (9th Cir.1999) the Ninth Circuit Court of Appeals addressed a similar issue. Kim had been convicted of knowingly possessing stolen goods under an aiding and abetting theory. The statute under which Kim was charged prohibits aiding, abetting, counsel-

ing, commanding, inducing or procuring the commission of a crime, each an alternative means by which a defendant may be held criminally liable for the underlying substantive offense. Kim asserted on appeal that some jurors might have concluded that he "commanded," while others may have concluded that he "ordered," or "assisted" in the crime of possession of stolen goods. In affirming Kim's conviction the Ninth Circuit Court of Appeals relied upon *Schad v. Arizona*, 501 U.S. 624, 631–32, 111 S.Ct. 2491, 2496–2497, 115 L.Ed.2d 555, 564–566 (1991) (The Supreme Court has "never suggested that in returning general verdicts in such cases the jurors should be required to agree on a single means of commission, any more than the indictments were required to specify one alone" where the government alleges in a single count that the defendant committed the offense by one or more specified means.). Following *Schad*, the Ninth Circuit held that:

> [I]t was not necessary for the jurors in this case to unanimously agree on a specific classification of Kim's conduct. Nor was it necessary for them to specify which conduct led them to conclude that Kim was an accessory. All that was necessary was a unanimous decision that Kim knowingly and intentionally helped his [co-defendant] in the possession of stolen goods. Therefore, the district court did not abuse its discretion in declining to give a specific unanimity instruction to the jury.

*Kim*, 196 F.3d at 1083. In applying the same reasoning to the case at hand, we reach the same conclusion.

Idaho Code § 18–1508 provides:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sadomasochism as defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Under the above statute, Downing was charged with a single count of lewd conduct involving manual-genital and/or genital-genital contact with the victim. Downing would be just as guilty of lewd conduct through manual contact as he would be through genital contact. The prohibited acts are merely alternative means by which a defendant (Downing) may be held criminally liable for the offense of lewd conduct. *See Kim*, 196 F.3d at 1083.

In *Miller v. State*, 135 Idaho 261, 266, 16 P.3d 937, 942 (Ct.App.2000), we interpreted the "act or acts" language of I.C. § 18–1508 as a legislative recognition that a series of sexual contacts by different means which occur as a part of a single incident, i.e., a continuous transaction without significant breaks, are to be charged as a single count of lewd conduct. The record in this case indicates that the genital-genital and manual-genital contact were contemporaneous, arising out of the same incident. Even if counsel had requested an instruction on the specific means by which Downing committed lewd conduct, he would not have been entitled to such as a matter of law under *Schad* and *Kim*.

Finally, even if the jury had found Downing guilty of lewd conduct committed by means of manual-genital contact rather than genital-genital contact, the court would have been free to consider facts and circumstances beyond the jury's verdict in formulating an appropriate sentence. *See State v. Sivak*, 105 Idaho 900, 906–07, 674 P.2d 396, 402–03 (1983) (While the jury acquitted Sivak of first degree murder based on premeditation and malice aforethought, instead finding him guilty of first degree murder under a felony murder theory, the district court at sentencing was free to find that the murder was an "intentional rational act."). A district court is entitled to utilize knowledge gained from its own official position and observations, *State v. Gibson* 106 Idaho 491, 496, 681 P.2d 1, 6 (Ct.App.1984), and consider a broad

range of information when fashioning an appropriate sentence. *State v. Dunn* 134 Idaho 165, 172, 997 P.2d 626, 633 (Ct.App.2000). The district court was free to consider information from other sources indicating that Downing had engaged in intercourse with the victim and apply that information in sentencing.

Downing's assertion that his sentence would have been less had counsel requested such an instruction is bare and conclusory. The district court properly granted the state's motion for summary disposition on the ground asserted therein, that Downing had failed to show that his counsel was deficient, let alone that he was prejudiced by counsel's conduct.

## C. Summary

As set forth above, the district court correctly ordered the summary dismissal of Downing's allegation of ineffective assistance of counsel.

## III.

### EXCESSIVE SENTENCE

■ Downing argues that the court abused its discretion by imposing a unified term of fifteen years, with six years fixed, for lewd conduct upon resentencing where Downing has already served the fixed portion of that sentence.

■ Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.
>
> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

*Broadhead*, 120 Idaho at 145, 814 P.2d at 405, (quoting *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982)).

■ Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez*, 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). In the original sentencing hearing, the district court considered both aggravating and mitigating factors in accordance with I.C. § 19–2521. In mitigation the district court considered the fact that this was Downing's first felony conviction and that he had the support of family members, friends and former employers. The court also considered the age of the victim and her relationship to Downing, information indicating that Downing had repeatedly molested her, and Downing's failure to accept responsibility for his conduct, express remorse, acknowledge the wrongfulness of his actions, and stop blaming the victim. Based on these factors, the original sentencing court imposed a unified term of fifteen years with six years fixed. This sentence was affirmed on appeal in *State v. Downing*, 128 Idaho 149, 911 P.2d 145 (Ct.App.1996).

At the time of resentencing, Downing was forty-five years old, had been moved to a minimum security unit and had taken a number of courses teaching job skills and cognitive change. Downing denied being a sex offender and denied molesting his daughter. The victim testified to what Downing had done to her years before. During allocution, Downing again denied any wrongdoing and

reiterated that his daughter had lied. After reviewing the record of the original sentencing proceeding, the district court explained that the original sentence was appropriate in light of Downing's continued assertion that his daughter had tried to seduce him and that he had only checked to see that she was a virgin at her request. The court concluded that Downing's denial made him a serious risk to young girls and that for the protection of society he should serve a unified term of fifteen years with six years fixed.

On appeal, Downing argues that he has served the fixed portion of his sentence and that this court should therefore consider the nine-year indeterminate portion. In and of itself, completion of the fixed portion of Downing's sentence is not a special circumstance warranting separate review of the indeterminate portion of the same sentence. Having reviewed the full record in light of the sentencing criteria set forth in *Toohill,* the six-year minimum term of confinement followed by an indeterminate term of nine years is reasonable.

## IV.

## CONCLUSION

The district court's order summarily dismissing Downing's application for post-conviction relief is affirmed. The sentence of fifteen years, with six years fixed, is also affirmed.

Judge PERRY and Judge Pro Tem WILPER **CONCUR.**