**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49902**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: April 24, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| SHARON KAY PEASE, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Sharon Kay Pease appeals from the district court's judgment of conviction for possession of drugs and drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A Coeur d'Alene police officer initiated a traffic stop on the vehicle Pease was driving due to the vehicle's registration tag being obstructed. Pease was arrested based on an active warrant, and the officer conducted an inventory search of her vehicle and discovered drug paraphernalia and narcotics. Pease was asked if she had used methamphetamine, and Pease responded that she had not used it in a long time, twenty years. Pease was charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1); possession of marijuana, I.C. § 37-2732(c)(3); and possession of drug paraphernalia, I.C. § 37-2734A(1).

1

Before trial, the State filed a notice of intent to introduce the statement regarding past methamphetamine use. After a hearing, the district court allowed the State to introduce the statement under Idaho Rule of Evidence 404(b). At trial, the officer testified to Pease's statement regarding her drug use twenty years prior. The district court gave the jury an instruction limiting consideration of the evidence to Pease's knowledge. Ultimately, a jury found Pease guilty on all charges. Pease appeals.

## II.

## STANDARD OF REVIEW

Questions of relevance are reviewed de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020). The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017). In determining whether a trial court has abused its discretion, the appellate court asks whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Pease argues the district court erred by permitting evidence of her prior statement under I.R.E. 404(b). Specifically, Pease asserts that her prior use was too remote to have any relevance to the elements of the charges. Alternatively, Pease argues any relevance was based on an impermissible propensity rationale. The State argues the district court did not err, but even if it did, any error was harmless.

Under I.R.E. 404(b)(1), evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. However, such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. I.R.E. 404(b)(2). Idaho Rule of Evidence 404(b) is a rule "of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014).

2

Evidence of uncharged misconduct may not be admitted pursuant to I.R.E. 404(b) when its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009).

A trial court engages in a two-tiered analysis to determine the admissibility of I.R.E. 404(b) evidence. *State v. Fox*, 170 Idaho 846, 861, 517 P.3d 107, 122 (2022). The first tier concerns the relevancy of the evidence at issue. *Id.* The trial court "must determine whether there is sufficient evidence to establish the other crime or wrong as fact" and "whether the evidence of the other act would be relevant to a material and disputed issue concerning the crime charged, other than propensity." *Id.* The first tier is reviewed de novo. *Id.* The second tier requires the trial court to perform a balancing test pursuant to I.R.E. 403. *Id.* Under this balancing test, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* The second tier is reviewed for an abuse of discretion. *Id.*

Pease does not contest that her statement established the other crime or wrong as fact. Nor does Pease contend that the district court abused its discretion in determining whether, under I.R.E. 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Thus, the relevance prong is the only portion of the I.R.E. 404(b) analysis at issue. Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. I.R.E. 401. In regard to the possession of methamphetamine charge, the State was required to prove that Pease "knew that [the substance] was Methamphetamine or believed it was a controlled substance." In regard to the possession of drug paraphernalia charge, the State was required to show that Pease "used or possessed with intent to use, a pipe, and/or scales, and/or tweezers, and/or bag(s), and/or container(s), intending . . . to . . . prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance." The district court held:

> Second hurdle is is the evidence material, and I do find that it is to prove knowledge of the controlled substance, perhaps controlled substance, and knowledge that it is a methamphetamine or a controlled substance, and knowledge that it's specifically methamphetamine, and then also it even more, I guess, important for the misdemeanor crime of possession of paraphernalia given the specific intent that's required there. The fact that it's so distant is important to the balancing.

3

Thus, the district court held the statement was admissible to establish the knowledge and intent elements of the crimes charged. The district court also noted that "there will be a limiting instruction that the jury can't use her statements about prior drug use twenty years ago for any propensity purpose or for any character evidence." The district court gave the jury a limiting instruction to that effect.[1]

Pease argues that her statement has no relevance to the knowledge or intent elements of the charges against her because the disclosed methamphetamine use was too remote. Pease claims without unique similarities between the remote conduct and charged conduct, evidence of the remote conduct cannot be perpetually relevant to the knowledge element of the methamphetamine charge or the intent element of the paraphernalia charge. Pease points to cases that touch upon the issue of remoteness. *C.f. State v. Downing*, 128 Idaho 149, 152, 911 P.2d 145, 148 (Ct. App. 1996). However, none of the cases draw a bright-line as to the relevance of remote conduct. Instead, the cases upon which Pease relies correctly employ the traditional analysis of whether the evidence makes a fact of consequence in determining the action more or less probable than it would be without the evidence. I.R.E. 401. As noted by the State, remoteness generally goes to the weight of the evidence, not its admissibility. *See State v. Martin*, 118 Idaho 334, 341, 796 P.2d 1007, 1014 (1990).

Regardless, Pease's knowledge of what methamphetamine is and looks like from her past use, even if twenty years prior, is relevant to show that, as to the item in her vehicle, she knew that it was methamphetamine or believed it was a controlled substance. While some things may be forgotten over a span of years, there is no showing or actual claim here that Pease had no knowledge of the appearance and use of methamphetamine, including from her use twenty years prior, on the date of her arrest. Also, knowledge from past use about how methamphetamine is ingested was relevant to show that she had the intent to use one or more of the items seized as drug

---

[1] Jury Instruction 14:

Evidence has been introduced for the purpose of showing that the defendant committed other acts than that for which the defendant is on trial.

Such evidence, if believed, is not to be considered by you to prove the defendant's character or that the defendant has a disposition to commit crimes.

Such evidence may be considered by you only for the limited purpose of proving the defendant's knowledge regarding specific facts.

paraphernalia, including the scorched pipe found between the driver's seat and the console of Pease's vehicle. The statement was relevant.

Alternatively, Pease claims that any relevance that her statement might have to the knowledge and intent elements was still based on an improper propensity analysis. Pease relies on *Fox* as a similar case involving improper propensity analysis. Pease contends that *Fox* makes it clear that if evidence only speaks to a non-propensity purpose by virtue of a propensity analysis, the evidence is being used for an improper propensity purpose. In *Fox*, the Idaho Supreme Court concluded the district court erred by admitting evidence that two days after the defendant was arrested for possession of drugs in his car, officers found additional drugs in his home. *Fox*, 170 Idaho at 860, 517 P.3d at 121. The Court held the State failed to establish the evidence, similar items at Fox's home, was relevant for a non-propensity purpose to establish state of mind concerning items found two days earlier. Importantly, the Court looked to the State's argument for admission of the evidence which it characterized as "essentially that if Fox had drugs and paraphernalia at his home, then he knew he had drugs and paraphernalia in his car two days earlier," which it termed a "propensity purpose." *Id*. at 862, 517 P.3d at 123.

However, the *Fox* Court also stated:

> Courts "can justify the use of uncharged misconduct to prove 'knowledge' on the grounds that it requires no use of the forbidden character inference and where used to prove *state of mind*, no conduct need follow. But [courts] must keep alert that the forbidden propensity inference does not sneak in, particularly in cases where 'knowledge' supposedly stems from repetitive conduct."

*Id.* (quoting 22B WRIGHT & MILLER, FED. PRAC. & PROC. EVID. § 5253 (2d ed.)). The State impermissibly argued that because Fox had drugs in his home, then he knew he had drugs in his car two days earlier. *Id.* Here, the State asserted that the statement established knowledge of possession, knowledge of what the substance was, and that the substance was illegal. Knowledge of what the item is differs from an argument that if someone possessed on one day that they possessed two days earlier. The State sufficiently established the statement was relevant to the elements of the charges. As the district court noted, "Possession, knowledge, control and knowledge of what it is are all relevant things." The district court did not err in admitting the I.R.E. 404(b) evidence.

**IV.**

**CONCLUSION**

The district court did not err by admitting Pease's statement under I.R.E. 404(b). Accordingly, Pease's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.