IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43815

| | | |
|---|---|---|
| BRUCE EDWARD REED, | ) | 2016 Unpublished Opinion No. 806 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Bruce Edward Reed appeals from the district court's judgment summarily dismissing Reed's petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reed was found guilty after a jury trial of one count of enticing a child over the Internet, Idaho Code § 18-1509A. He appealed his conviction and sentence, which this Court affirmed. *State v. Reed*, 154 Idaho 120, 294 P.3d 1132 (Ct. App. 2012). Reed then filed a pro se petition for post-conviction relief. In his petition, he made numerous claims of ineffective assistance of trial counsel. The State answered Reed's petition and moved for summary dismissal. Reed then requested the appointment of counsel, which the court granted. Appointed post-conviction counsel filed an amended post-conviction petition and requested to take the deposition of Reed's trial counsel, which the court granted. After taking trial counsel's deposition, appointed counsel

1

filed another amended post-conviction petition. The State again filed an answer and moved for summary dismissal. After issuing a notice of its intent to dismiss, the court summarily dismissed Reed's final amended petition for post-conviction relief. Reed timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his appeal, Reed argues the district court erred in summarily dismissing two claims included in Reed's petition for post-conviction relief. These claims specifically purported that Reed's trial attorney rendered ineffective assistance by (1) failing to move to redact statements made during a recorded interrogation and (2) failing to request a unanimity instruction. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction

3

Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A.    Motion to Redact

We turn first to Reed's post-conviction claim that trial counsel rendered ineffective assistance for failing to move to redact statements Reed made during a recorded interrogation. During the interrogation at issue, a police officer discussed with Reed how difficult the child enticement charges were going to be on Reed's family in light of kidnapping charges he had faced in a prior case. Although the portions of the interrogation specifically referencing Reed's prior kidnapping charge were redacted, the jury heard the following exchange:

Officer:    I agree it hurts them when a loved one messes up like this, but what they want is the best for you.
Reed:    I've been working hard and I try and I love everybody.
Officer:    They want to see that you can change.
Reed:    I have changed.

Reed suggests that his comment "I have changed," as heard by the jury out of the context of the entire conversation, would tend to be interpreted by the jury as meaning Reed had enticed children in the past. In his petition, he argued that trial counsel was deficient for failing to request that Reed's statement be redacted and "such deficient performance prejudiced [his] right to a fair trial."

To avoid summary dismissal on this claim, Reed was required to allege sufficient facts to establish a prima facie case of ineffective assistance of counsel under both prongs of *Strickland*.

4

Under the deficiency prong of *Strickland*, Reed's burden was to provide evidence that his trial counsel's performance fell below an objective standard of reasonableness. And, under the prejudice prong of *Strickland*, Reed's burden was to provide evidence showing a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. Reed's petition failed to allege sufficient facts under either prong.

Regarding trial counsel's purported deficiency, the district court found that trial counsel's failure to redact Reed's statement was a strategic decision. The court based this finding on counsel's testimony during a deposition that he did not see any problems with the inclusion of the statement. We agree with the court's assessment. "Tactical and strategic decisions by trial counsel will not be second-guessed and cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law, or other shortcoming capable of objective review." *State v. Abdullah*, 158 Idaho 386, 488, 348 P.3d 1, 103 (2015). In his brief on appeal, Reed argues that no strategic decision would support allowing the jury to hear a potentially damaging statement and that the deficiency inquiry requires assessment as to "whether the jury could have construed the statement negatively." Not only does Reed provide no authority to support this contention, but his argument directly contradicts established precedent. *See Mintun v. State*, 144 Idaho 656, 662, 168 P.3d 40, 46 (Ct. App. 2007) ("[A] trial attorney's failure to object to inadmissible evidence or other potential errors may be done for legitimate strategic or tactical purposes."). Therefore, Reed's post-conviction petition failed establish a prima facie case that trial counsel's performance was objectively unreasonable as required under the first prong of *Strickland*.

Regarding the purported prejudice suffered, Reed's petition merely set forth a bare and conclusory claim that "such deficient performance prejudiced [his] right to a fair trial." At no time did Reed explain how redacting the statement would have created a reasonable probability that the outcome of the trial would have been different. Because the court is not required to accept a petitioner's conclusory assertions, Reed's petition was insufficient to establish a prima facie case of prejudice as required under the second *Strickland* prong.

Reed's post-conviction petition failed to raise a genuine issue of material fact as to both required prongs of *Strickland*. Therefore, the district court properly summarily dismissed Reed's claim of ineffective assistance of trial counsel regarding trial counsel's failure to move to redact the statement.

5

**B.     Unanimity Instruction**

We next turn to Reed's post-conviction claim that trial counsel rendered ineffective assistance for failing to request a specific unanimity instruction. To avoid summary dismissal, Reed must have alleged sufficient facts to establish that trial counsel's performance was objectively deficient and that Reed was prejudiced as a result of counsel's deficiency. *See Strickland*, 466 U.S. at 687-88.

Regarding the deficiency prong, Reed argues counsel was objectively deficient in failing to request a specific unanimity instruction requiring the jury to unanimously agree on the specific incident constituting the enticement. He contends the State's evidence during trial demonstrated multiple, separate crimes of child enticement, as each of the fourteen online conversations referencing sexual acts constituted a separate offense. Reed's argument implies that the prosecutor could have properly charged him with fourteen separate counts of child enticement. However, instead of prosecuting Reed with fourteen counts of child enticement, the State prosecuted Reed for one count of child enticement on the theory that all thirty-two online conversations, including the fourteen referencing sexual acts, between Reed and the undercover officer evidenced a continuing course of conduct amounting to child enticement. Even if we were to assume that the State improperly prosecuted Reed on a continuing course of conduct theory, and that Reed's trial counsel was objectively deficient for failing to request a unanimity instruction as to the specific facts underlying the offense, Reed has failed to establish that he was prejudiced by counsel's purported deficiency.

Failure to request a jury instruction is not one of the recognized situations creating a presumption of prejudice. *See United States v. Cronic*, 466 U.S. 648, 659-60 (1984). Thus, to establish prejudice sufficient to survive summary dismissal, Reed's burden was to allege facts showing a reasonable probability that, but for his attorney's deficient performance, the outcome of the trial would have been different. *See Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To undermine confidence in the outcome, a petitioner must show a substantial, not just conceivable, likelihood of a different result. *Adams v. State*, 158 Idaho 530, 537, 348 P.3d 145, 152 (2015).

To support his claim, Reed's petition merely stated that counsel's purported deficiency "prejudiced [his] constitutional right to a fair trial." He cited no constitutional provision to

support his claim and provided no facts suggesting the jury was confused or divided as to which conversations constituted enticement. This bare conclusion was insufficient to meet the pleading standard to survive summary dismissal. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. In his appellate brief, Reed speculates "without a unanimity instruction, some jurors *could have* convicted Reed based on one particular chat, while other jurors could have convicted him based on a different chat." Even if this contention had appeared in Reed's petition, such a bare allegation would also be insufficient to establish a prima facie case of prejudice. *See id.* Moreover, the notion that failure to receive a unanimity instruction is inherently prejudicial is controverted by the very precedent Reed cites in support of his ineffective assistance claim.

In *Miller v. State*, 135 Idaho 261, 16 P.3d 937 (Ct. App. 2000), the jury heard uncontroverted evidence from the victim that the defendant engaged in multiple instances of lewd conduct despite only being charged on one count. *Id.* at 268, 16 P.3d at 944. This Court held that, despite the defendant being entitled to a unanimity instruction, counsel's failure to request such instruction was not prejudicial. *Id.* In concluding that the error was not prejudicial, we first noted that although the defendant's theory of defense relied upon challenging the credibility of the victim, it was obvious the jury found the victim credible when the jury returned a guilty verdict. *Id.* We noted that the victim's uncontroverted testimony as to any one of the instances of lewd conduct would have formed a sufficient basis for the charge. *Id.* We reasoned that, given the jury's acceptance of the victim's credibility and the sufficiency of each allegation of misconduct, there was no reason to believe the jury would not have returned a guilty verdict had any single incident been relied upon as the basis for the charge. *Id.* Thus, we concluded there was not a reasonable probability that, had a unanimity instruction been given, the outcome of the trial would have been different. *Id.*

Similarly, in *State v. Montoya*, 140 Idaho 160, 90 P.3d 910 (Ct. App. 2004), the jury heard testimony that the defendant engaged in multiple instances of lewd conduct with the victim despite only being charged with one count of lewd conduct with a minor. *Id.* at 167-68, 90 P.3d at 917-18. This Court held that, although the defendant was entitled to a unanimity instruction, the court's failure to give such instruction was harmless. *Id.* at 168, 90 P.3d at 918. In holding the error harmless, we noted that the separate acts described by the victim were not significantly distinguishable from one another, and any of the acts, standing alone, satisfied the charge. Moreover, even though the defendant's theory of defense relied upon denying that the conduct

occurred, it was obvious the jury believed the victim when the jury returned a guilty verdict. *Id.* We reasoned that because the defendant did not contradict the victim's testimony and because the jury found the victim credible, there was no reason to conclude the jury would have believed some of the incidents alleged by the victim, but not others. *Id.* Thus, we concluded, beyond a reasonable doubt, that the jury would have found the defendant guilty even if a unanimity instruction had been given. *Id.*

Here, assuming any of the online conversations, standing alone, could have satisfied the child enticement charge, it is similar to *Montoya*, where the separate instances of lewd conduct were not easily distinguishable from one another, the separate online conversations referencing sexual acts are not easily distinguishable from one another. Fundamentally, the conversations are distinct only in that they occurred on different days and referenced different sexual acts. Moreover, Reed's argument on appeal concedes that each of the fourteen online conversations containing sexually explicit references was sufficient, standing alone, to form the basis of the charge, which is why he claimed entitlement to a unanimity instruction.

Additionally, the jury clearly rejected Reed's theory of defense. Reed's theory of defense was premised upon his contention that he did not believe the victim was a minor; he did not challenge the accuracy of the conversation transcript or deny participating in the conversation. By returning a guilty verdict, the jury accepted the State's evidence and discredited Reed's defense. Moreover, even had a single conversation formed the basis of the charge, all of the online conversations would have been admissible under Idaho Rule of Evidence 404(b). The jury would have considered those conversations to show motive, opportunity, intent, preparation, identity, or plan to entice the victim. *See Miller*, 135 Idaho at 268, 16 P.3d at 944.

Based upon the sufficiency of each conversation to form the basis of the charge, the jury's acceptance of the State's evidence, and the admissibility of the evidence of all of the conversations, there is no reason for this Court to conclude that the jury would have come to a different result had a single conversation formed the basis of the conviction. Thus, we are able to conclude that Reed has failed to show a reasonable probability that, but for counsel's purported deficient performance, the outcome of the trial would have been different.

## III.

## CONCLUSION

The district court properly dismissed Reed's post-conviction claims. Reed's final amended post-conviction petition failed to allege sufficient facts to raise a genuine issue of fact showing ineffective assistance of counsel. Accordingly, we affirm the district court's judgment summarily dismissing Reed's petition for post-conviction relief. Costs to respondent.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.